UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BANC OF AMERICA LEASING & CAPITAL, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 2:10-CV-390-WCL-PRC |
| GLOBAL GROUP, INC., SHAH INVESTMENTS, LLC, GGI LOGISTICS, LLC, GLOBAL FOREST PRODUCTS, INC., PARESH SHAH, and LOPA SHAH, Defendants. | ) ) ) ) ) ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for a More Definite Statement [DE 28], filed by Defendants on December 6, 2010. This Motion has been fully briefed. For the following reasons, the Court grants the Defendants' Motion.

On October 1, 2010, Plaintiff filed a Complaint against Defendants, alleging numerous claims arising from a financing agreement, including claims relating to breach of contract and fraud. Plaintiff claims that jurisdiction in this Court is proper under 28 U.S.C. §1332 based on the diversity of the parties and the amount in controversy. In the instant Motion, Defendants request that the Court require Plaintiff to amend the Complaint, including more definite statements regarding jurisdiction and Plaintiff's fraud allegations.

**ANALYSIS**

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must

1

point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements. Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Due to this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored. *See MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010) ("Motions for a more definite statement should not be used to gain additional information, but, particularly in light of our liberal notice pleading requirement, should be granted only when the pleading is so unintelligible that the movant cannot draft a responsive pleading.")(quotations omitted). However, they are "appropriate when a plaintiff fails to adequately plead claims subject to the heightened pleading requirements of Rule 9(b)." *Rosenbaum v. Seybold*, No. 1:09cr352, 2007 WL 1959241, at *2, 2007 U.S. Dist. LEXIS 48021, at*7, (N.D. Ind. July 2, 2007) (listing cases).

### A. Jurisdiction

Defendants argue that Plaintiff has not made a sufficient jurisdictional statement. Plaintiff's Complaint asserts that the Court has jurisdiction over this case under 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. The diversity statute requires "'complete' diversity of citizenship (meaning that none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen)." *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). "[T]he existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship." *Id.* at 218.

Plaintiff and several of the defendants are LLCs. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citing *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007)). In order to determine whether the Court has jurisdiction over this matter, the "LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id*. When one or more of the members is a corporation, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).

Plaintiff merely pleads the principal place of business of the LLCs involved in this case. Although it identifies the LLC Plaintiff as a wholly owned subsidiary of Banc of America Corporation, it does not include both the principal place of business and state of incorporation of the corporate member of the LLC Plaintiff. There is insufficient information for the Court to determine Plaintiff's citizenship for diversity purposes. Plaintiff also fails to identify the citizenship of the LLC Defendants. Therefore, the Court will grant Defendants' motion and require Plaintiff to provide a more definite jurisdictional statement, identifying the citizenship of both the Plaintiff and Defendant LLCs, including the citizenship of each member of each of the LLCs.

**B. Fraud**

Defendants argue that Plaintiff has failed to plead fraud with particularity. Defendants claim that Plaintiff's statements are insufficient because they do not identify the specific representations that were made or which of the guarantees include those representations. Plaintiff argues that the Complaint sets forth the time, place and content of the alleged fraudulent communication so as to

allow Defendants to respond to the pleading.

For claims of fraud or mistake, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To meet this standard, a plaintiff must allege "the 'who, what, when, where, and how' of the alleged fraud." *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 401 (7th Cir. 2009) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). This includes "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997) (internal quotations omitted). The Rule 9(b) standard "ensure[s] that the party accused of fraud, a matter implying some degree of moral turpitude and often involving a 'wide variety of potential conduct,' is given adequate notice of the specific activity that the plaintiff claims constituted the fraud so that the accused party may file an effective responsive pleading." *Lachmund v. ADM Investor Servs.*, 191 F.3d 777, 783 (7th Cir. 1999) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1296, at 580 (2d ed. 1990)).

Plaintiff has failed to plead its fraud claim with sufficient particularity. The Complaint alleges that Defendants represented to Plaintiff that certain property was available to serve as collateral to secure Plaintiff's loan to Defendant Global Group, Inc. It also alleges that Plaintiff relied on Defendants' statements as to the availability of that property, and that Defendants knew that property was already pledged as collateral in a separate financing agreement. However, Plaintiff does not identify the specific misrepresentations that it relied upon. The Complaint only

4

refers generally to "Defendants' statements regarding the availability of personal property to serve as collateral" rather than identifying specific statements, the date they were made, the individual or entity that made them, or the specific personal property at issue. There is not enough information for Defendants to file effective responsive pleadings addressing the particular fraud allegations lodged against each party. The Court will require Plaintiff to make a more definite statement, pleading fraud with particularity in accord with Federal Rule of Civil Procedure 9(b).

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendants' Motion for a More Definite Statement [DE 28] and **ORDERS** Plaintiff to file an Amended Complaint, including a more definite jurisdictional statement and pleading its fraud claim with particularity, by **January 24, 2011**.

SO ORDERED this 7th day of January, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record