UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BANC OF AMERICA LEASING & CAPITAL, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No.: 2:10-CV-390 ) |
| GLOBAL GROUP, INC., et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the motion to dismiss filed by the defendants, GGI Logistics LLC, Global Forest Products, Inc., Global Group, Inc., Lopa Shah, Paresh Shah, and Shah Investments LLC ("defendants") (docket at 25). Banc of America Leasing & Capital, LLC ("plaintiff" or "BALCAP") filed a response in opposition to the motion (docket at 28) and defendants filed a reply brief (docket at 29). BALCAP also filed a motion to amend its complaint (docket at 27) and defendants filed a brief in opposition to that motion (docket at 30). BALCAP did not file a reply brief in support of its motion to amend and so this matter is ripe for resolution. For the reasons discussed below, the motion to dismiss is DENIED and the motion to amend is GRANTED. The Clerk of the Court is instructed to docket plaintiff's Second Amended Complaint (Exhibit A attached to plaintiff's motion to amend, docket at 27).

## DISCUSSION

BALCAP filed this action on October 1, 2010, alleging breach of contract, fraud, conversion, unjust enrichment, and criminal conversion against all defendants. Complaint, docket at 1. The dispute arises out of a financing arrangement the parties entered into on February 14, 2008, in which BALCAP agreed to loan defendants the sum of $881,250.00 in

exchange for a security interest in equipment defendants put up as collateral for the loan. *Id*. BALCAP alleges that defendants had previously entered into a similar financing contract with Wells Fargo Equipment Finance, Inc., who is not a party to this lawsuit. *Id*. According to BALCAP, Wells Fargo had already perfected a security interest in the property purchased by defendants and so BALCAP's loan was not secured as the parties had allegedly agreed it would be when they entered into the financing contract. *Id*.

On December 6, 2010, defendants filed a motion for more definite statement, asking the Court to direct BALCAP "to amend its Complaint with a more definite jurisdictional statement regarding the citizenship of [BALCAP] . . ." and "requiring plaintiff to plead its fraud claim with particularity . . ." Docket at 18, p. 1. Magistrate Judge Paul R. Cherry, to whom this case is on partial referral, granted that motion. Docket at 23. BALCAP filed its Amended Complaint on January 20, 2011. Docket at 24. In their motion to dismiss, defendants claim that BALCAP has failed to establish diversity jurisdiction in this case and so the matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). Docket at 26, Memorandum in Support of Motion to Dismiss, p. 1. Defendants also argue that BALCAP has still failed to plead facts that would support allegations of fraud and that the case should be dismissed for that reason also, pursuant to Fed.R.Civ.P. 12(b)(6). *Id*. BALCAP seeks permission to file a second amended complaint to further address the issues raised by defendants in their motion to dismiss.

**1. Diversity Jurisdiction.**

When a party files a motion to dismiss based in part on allegations of a lack of diversity jurisdiction, the Court must address the threshold issue of jurisdiction before it can address any non-jurisdictional grounds for dismissal (such as defendants' argument that BALCAP's fraud

claim should be dismissed due to a failure to plead it with sufficient particularity). *Winslow v. Walters*, 815 F.2d 1114 (7th Cir. 1987). Federal courts "are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue,* 536 F.3d 651, 657 (7th Cir. 2008) (citations omitted). A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter, and "[s]ubject-matter jurisdiction is the first question in every case." *Ill. v. City of Chi.,* 137 F.3d 474, 478 (7th Cir. 1998). Obviously, if diversity jurisdiction is absent, the Court must dismiss the action and cannot address any other substantive arguments.

BALCAP states in its first amended complaint that it "is a single member, Delaware limited liability corporation, with its principal place of business in San Francisco, California." First Amended Complaint, p. 1. BALCAP also states that it "comprises a single member, Bank of America, National Association, a national banking association with its principal place of business at 101 South Tryon Street, Charlotte, North Carolina 28255." *Id*. BALCAP states that the defendant business are all Indiana businesses and that the individual defendants, Paresh Shah and Lopa Shah, "are citizens of the state of Indiana . . ." *Id*., p. 2. (Defendants do not deny that they are all considered Indiana residents for jurisdictional purposes.) BALCAP also pleads that the amount in controversy exceeds $75,000.00, thereby vesting this Court with jurisdiction over this case pursuant to 28 U.S.C. § 1391(a). *Id*. BALCAP claims it has shown "complete diversity of citizenship of each Defendant to BALCAP." *Id*. As for its allegations of fraud and conversion, BALCAP claims that defendants defrauded plaintiff when they entered into a financing contract with BALCAP while knowing they had already entered into a similar contract with another lender and/or that the collateral put up to secure the loan was already encumbered

by another security interest.  *Id.*, pp. 4-5.  According to BALCAP, defendants last made an installment payment on their loan on February 15, 2010, but have "since refused or otherwise failed to make any additional installment payments" and are "now in default of [their] obligations under the Agreement."  *Id.*, p. 5.

In their motion to dismiss, defendants argue that BALCAP's amended complaint still fails to establish diversity jurisdiction or to state its fraud claim with sufficient particularity.  Specifically, defendants state that "[i]n its Amended Complaint, Plaintiff pled it 'comprises a single member, Bank of America, National Association . . . However, Plaintiff did not identify the state under whose laws Bank of America, National Association was organized."  Defendants' Memorandum, docket at 26, p. 2.  In support of their motion to dismiss, defendants cite the case of *Thomas v. Guardsmark, LLC*, 487 F.3d 531 (7th Cir. 2007).  In *Thomas*, the Seventh Circuit held that "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."  *Id.*, p. 3.  The appellate court explained that "an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."  *Thomas*, 487 F.3d at 534.  Defendants argue that BALCAP "identified its single member, Bank of America, National Association.  However, Plaintiff failed to identify the state under whose laws Bank of America, National Association is organized. . . . As such, the Court should dismiss this case for lack of jurisdiction."  Defendants' Memorandum, p. 3.

In its response to the motion to dismiss, BALCAP summarizes its opposition to the motion as follows:

> BALCAP has properly initiated this proceeding with the Federal District Court through diversity of citizenship of all parties.  BALCAP exists as a single member

4

> Delaware limited liability company made up of Bank of America, N.A., a national association organized under the laws of the State of North Carolina and having its principal place of business in the State of North Carolina. Each Defendant holds it citizenship in the State of Indiana. The matter in controversy remains greater than $75,000.00. Therefore, under diversity, this Court properly holds subject-matter jurisdiction over this matter.

Plaintiff's Response, docket at 28, p. 4. In addition, BALCAP states that if the Court determines that diversity jurisdiction has not yet been sufficiently established, plaintiff should be afforded the opportunity to file its second amended complaint to address the issue once and for all. *Id*. BALCAP maintains that its pleading (i.e., amended complaint) properly establishes diversity jurisdiction. However, the company argues that "this matter should not be dismissed prior to giving BALCAP the opportunity to demonstrate diversity of citizenship." *Id*. BALCAP also states that "[t]hrough its own oversight, BALCAP admittedly failed to allege the organization of its single member, Bank of America, N.A., under the laws of the State of North Carolina. However, the fact that Bank of America exists as an association organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina remains evident. BALCAP can rectify this oversight by simple amendment to its First Amended Complaint by adding the simple phrase, 'organized under the laws of the State of North Carolina.' To dismiss this case would work an undue hardship on BALCAP in disallowing it to demonstrate that which is already true and litigate this cause in its proper jurisdiction." *Id*., p. 5. BALCAP's proposed second amended complaint does in fact contain the language BALCAP refers to. Motion to Amend, Exhibit A, Proposed Second Amended Complaint, p. 1.

In their reply brief, defendants state that since "Plaintiff concedes that it has not properly pled diversity jurisdiction," the case should be dismissed for want of jurisdiction. Defendants' Reply, p. 1. Defendants also argue that BALCAP should not be given another opportunity to

plead diversity jurisdiction. Defendants state that dismissal of this lawsuit would not work any undue hardship on plaintiff since "Plaintiff can file a new complaint in state court." *Id*.

It appears clear that the failure by BALCAP to plead diversity jurisdiction in a technically proper and sufficient manner was merely a mistake in its pleadings–a mistake it expressly admitted and owned up to when it discussed its "oversight." The proposed second amended complaint remedies the situation. Based on BALCAP's pleadings, including its proposed second amended complaint, it appears that diversity jurisdiction is, in fact, present in this case and the case is properly before this Court. Dismissing the case entirely is an extreme remedy under the circumstances. BALCAP, as plaintiff in this case, chose to bring this action in this Court rather than in state court or any other judicial forum. It has the right to do that, of course, assuming it can establish diversity jurisdiction. Forcing BALCAP to refile this case in state court or anywhere else is too harsh a remedy for the rather minor transgression at issue here. Defendants' sole basis for challenging this Court's subject matter jurisdiction is the fact that BALCAP omitted a few words in its original complaint and its first amended complaint that appear to resolve the issue. For this reason, the Court declines defendants' invitation to dismiss the suit for want of subject-matter jurisdiction and the defendants' motion to dismiss on this basis is denied.

**2. Pleading of Fraud Claim.**

The second basis for defendants' motion to dismiss is BALCAP's alleged failure to plead its fraud claim with sufficient particularity. Defendants correctly point out that "[f]raud must be based upon a representation of a past or existing fact and may not be based upon a representation of future conduct." Defendants' Memorandum, docket at 26, p. 4 (citing *Michiana Dairy*

6

*Processors, LLC v. All Star Beverage, Inc.*, 2010 WL 3999581 (N.D. Ind. 2010) and *American Heritage Banco, Inc. v. McNaughton*, 879 N.E.2d 1110, 1115 (Ind.Ct.App. 2008)). More specifically, defendants take issue with the fact that BALCAP's fraud claim is based (at least by defendants' interpretation) on one specific provision in the financing contract the parties entered into. That provision states as follows:

> Debtor shall keep the Collateral in good condition and free from liens and security interests, shall not sign or suffer to be filed any financing statements relating to the Collateral except those showing Secured Party as sole secured party, shall not sell or lease or offer to sell or lease or otherwise encumber or dispose of any of the Collateral, shall defend the Collateral against all claims and demands of all persons at any time claiming any interest or right therein, and shall not use the Collateral illegally.

Amended Complaint, docket at 24, Exhibit 1, Note & Security Agreement, p. 4. It is this provision that BALCAP claims defendants breached by entering into a financing agreement with Wells Fargo, allegedly using the same collateral that was supposed to secure BALCAP's loan. Defendants now claim that BALCAP's fraud claim should be dismissed because "the statement is not a representation of a past or existing fact. Rather, it is a statement of a contractual obligation regarding Defendant Global Group, Inc.'s future conduct. The statement provides that Global Group, Inc. 'shall' do certain things with regard to the collateral. Shall reflects the future verb tense. . . . Plaintiff has still failed to identify a representation of a past or existing fact that it relied upon. As such, Plaintiff's fraud claim should be dismissed." Defendants' Memorandum, p. 4 (citing *American Heritage*, 879 N.E.2d at 1116) (fraud claim dismissed when court determined statement at issue was not a statement of past or existing fact used to induce plaintiff into contract but, rather, was a promise of future conduct).

As stated in *Satyshur v. General Motors Corp.*, 38 F. Supp. 2d 744, 746 (N.D. Ind.

1999):

> In determining the propriety of dismissal under Fed.R.Civ.P. 12(b)(6), the court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff. The purpose of the motion to dismiss is to test the legal sufficiency of the complaint and not to decide the merits. The court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

In support of their motion to dismiss, defendants argue that BALCAP has failed to state a claim for fraud because it has failed to plead the circumstances of fraud with adequate particularity. Rule 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistakes should be stated with particularity."

However, Rule 9(b)'s particularity requirement must be read in conjunction with the general pleading requirements of Fed.R.Civ.P. 8. *Heastie v. Cmty. Bank of Greater Peoria*, 690 F. Supp. 716, 722 (N.D. Ill. 1988). Thus, a plaintiff need not plead evidentiary details. *Heastie*, 690 F. Supp. at 722. The requirements of Rule 9(b) "are not absolute or unbounded; defendants need not be given a pretrial memorandum containing all of the evidentiary support for plaintiff's case." *Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.*, 749 F. Supp. 869, 872 (N.D. Ill. 1990). "In fact, to satisfy the requirements of Rule 9(b), it is not even necessary to plead each element of fraud in detail so long as the 'circumstances constituting fraud' are stated with particularity." *U.S. v. Lutheran Hospital*, 1998 WL 1753335, at *6 (N.D. Ind. April 17, 1998).

The defendants are correct that one of the elements of a fraud claim under Indiana law (and the law of virtually every other jurisdiction) is that the defendant must have made a material misrepresentation of a past or existing fact for the purpose of inducing the plaintiff to enter into

some type of agreement. But in this instance, defendants' argument is really just one of semantics. BALCAP's complaint sets forth its position with regard to the fraud allegation. BALCAP claims that "unbeknownst to BALCAP, [defendants] had previously entered into a financing agreement on December 21, 2007, with Wells Fargo Equipment Finance, Inc. . . . The Wells Fargo agreement was secured by the same personal property offered as collateral in the Agreement with BALCAP." First Amended Complaint, ¶ 24. The express language of the amended complaint makes it clear that BALCAP is alleging that defendants, *at the time they entered into* the security agreement with plaintiff, knew that the collateral they were using to secure the loan was already encumbered by a security interest in favor of Wells Fargo. True, the language of the single provision at issue here seems to refer to *future* conduct. But it is incorrect and unfair to assess the sufficiency of BALCAP's pleadings in a vacuum by focusing solely on one provision of the parties' Agreement (and the verb tense used in that provision). The overall factual recitation and allegations contained in BALCAP's amended complaint make it abundantly clear that plaintiff is accusing defendants of either expressly misrepresenting the status of the collateral used to secure a loan from BALCAP or, at the very least, doing so by deliberately omitting this crucial information when executing the security agreement with BALCAP. BALCAP also attached a copy of Wells Fargo's UCC-1 statement that was filed with the Indiana Secretary of State's office on December 26, 2007. First Amended Complaint, Exhibit 7. This should certainly be sufficient to put defendants on notice of the basis of plaintiff's fraud claim, which is all that is necessary to plead such a claim with "particularity." Again, a plaintiff can successfully defeat a Rule 12(b)(6) motion to dismiss a fraud claim when the "'circumstances constituting fraud' are stated with particularity." *U.S. v. Lutheran Hospital*,

9

1998 WL 1753335, at *6..

For these reasons, the Court determines that BALCAP has pled its fraud claim with sufficient particularity and defendants' motion to dismiss this claim must be denied.

**3. Motion to Amend Complaint.**

For the same reasons discussed above, the Court concludes that BALCAP should be permitted to file its Second Amended Complaint over defendants' objection. Therefore, BALCAP's motion to file a second amended complaint is granted.

**CONCLUSION**

For the reasons set forth above, the motion to dismiss filed by defendants (docket at 25) is DENIED; the motion to amend filed by plaintiff (docket at 27) is GRANTED. The Clerk of the Court is instructed to docket plaintiff's Second Amended Complaint (Exhibit A attached to plaintiff's motion to amend, docket at 27).

Date: May 18, 2011.

/s/   William C. Lee
William C. Lee, Judge